United States District Court
Southern District of Texas
**ENTERED**
October 08, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| JOSEPH CHHIM, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 4:23-cv-04850 |
| § | |
| CITY OF HOUSTON, *et al.*, § | |
| § | |
| Defendants. § | |

# OPINION AND ORDER

Pending before me in this employment discrimination case are two motions to dismiss. The first is filed by Defendant City of Houston ("the City"). *See* Dkt. 25. The second is filed by Defendant Equal Employment Opportunity Commission ("EEOC"), Director Rayford Irvin ("Irvin"), and Investigator Michael Lightner ("Lightner") (collectively, the "Federal Defendants"). *See* Dkt. 26. For the reasons discussed below, both motions are **GRANTED**.

## BACKGROUND

Plaintiff Joseph Chhim ("Chhim") is a 78-year-old Asian man of Cambodian descent. Chhim began working for the City in the 1990s. In October 1994, Chhim settled employment discrimination claims against the City. After the settlement, the City continued to employ Chhim. In July 1995, the City terminated Chhim's employment. Since then, Chhim has filed multiple lawsuits against the City.

On October 20, 2020, United States District Judge Lynn N. Hughes entered judgment against Chhim in one of his lawsuits against the City. *See Chhim v. City of Houston*, No. CV H-20-361, 2020 WL 6151080, at *2 (S.D. Tex. Oct. 20, 2020) ("Because he cannot show that the City breached the settlement, discriminated against him, or retaliated against him, Joseph Chhim will take nothing from the City of Houston and Lula Nelson."). After granting summary judgment in the City's favor, Judge Hughes "denied Chhim's request for in forma pauperis (IFP) status

on appeal." *Chhim v. City of Houston*, No. 20-20568, 2021 WL 5045432, at *1 (5th Cir. Oct. 29, 2021). Chhim appealed to the Fifth Circuit, which affirmed, holding that "Chhim's appeal lacks arguable merit and is frivolous." *Id.* at *2. Chhim appealed the Fifth Circuit's decision to the United States Supreme Court, which also denied Chhim's motion to proceed IFP, along with his petition for a writ of certiorari. *See Chhim v. City of Houston*, No. 21-7851, 142 S. Ct. 2830 (June 13, 2022). Chhim petitioned the Supreme Court for reconsideration of its June 13, 2022 decision, but the Supreme Court denied that petition on October 31, 2022. *See id.*, 143 S. Ct. 367 (Oct. 31, 2022). On February 15, 2023, Chhim sent some unidentified documents pertaining to his petition for a writ of certiorari to the Supreme Court. The Clerk of the Supreme Court returned those documents to Chhim on February 23, 2023, informing Chhim that Case No. 21-7851 "is considered closed, and no further consideration is possible." Dkt. 7 at 19.

In his live pleading, Chhim alleges that from July to September 2023, he applied for various custodial and mechanical positions with the City, but was neither interviewed nor hired. On September 13, 2023, Chhim filed a charge of employment discrimination against the City with the EEOC. On September 18, 2023, the EEOC declined to act on Chhim's claims and notified Chhim of his right to sue in federal district court. On December 15, 2023, Chhim timely instituted this suit against the City, asserting claims of national origin discrimination, age discrimination, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and Chapter 21 of the Texas Labor Code ("TCHRA"). Chhim has also sued the EEOC and two of its employees—Irvin and Lightner—for race, national origin, and age discrimination.

The Federal Defendants move to dismiss, arguing this Court lacks subject matter jurisdiction and, in any event, that Chhim fails to state a claim against them. The City also moves to dismiss, arguing that Chhim failed to (1) exhaust his administrative remedies and (2) plead sufficient facts to state a claim.

## LEGAL STANDARD

### A. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "A claim is properly dismissed for lack of subject-matter jurisdiction [under Rule 12(b)(1)] when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (cleaned up). In evaluating a Rule 12(b)(1) motion, I accept all well-pleaded factual allegations in the complaint as true, viewing them in the light most favorable to the plaintiff. *See Daniel v. Univ. of Tex. Sw. Med. Ctr.*, 960 F.3d 253, 256 (5th Cir. 2020). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Where, as here, "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions," I must assess the Rule 12(b)(1) jurisdictional issue first. *Id.*

### B. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

A defendant may move to dismiss a complaint when a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When evaluating a Rule 12(b)(6) motion, a court accepts "all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). This means there must be "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it

3

stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation omitted).

"It is well-established that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. [Yet even when] the plaintiff is proceeding *pro se* . . . , conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (cleaned up). In ruling on a motion to dismiss, my "review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## ANALYSIS

### A.   THIS COURT LACKS JURISDICTION OVER THE FEDERAL DEFENDANTS

"Federal courts . . . possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Chhim instituted this lawsuit in federal district court on the basis of federal question jurisdiction—specifically, Title VII and the ADEA. *See* Dkt. 7 at 3–4.

"To the extent that [Chhim] is attempting to invoke Title VII as a jurisdictional basis for suing the EEOC, [he] cannot do so. [The Fifth Circuit has] held that Title VII does not confer on a charging party a right of action against the EEOC." *Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002); *see also Gottschalk v. City & Cnty. of San Francisco*, 964 F. Supp. 2d 1147, 1160–61 (N.D. Cal. 2013) ("While [Chhim] brings claims under various statutes[, including Title VII and the ADEA,] providing a private right of action against a discriminatory employer, none of these provides for a cause of action against the EEOC for actions taken in the course of investigating a claim against a third-party employer."). As for Chhim's claims against Irvin and Lightner, the Fifth Circuit has repeatedly held

4

that "[i]ndividuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448–49 (5th Cir. 2002)). "Likewise, the ADEA 'provides no basis for individual liability for supervisory employees.'" *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001) (quoting *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996)). Accordingly, Chhim's claims against the Federal Defendants must be dismissed.

B.  **CHHIM FAILS TO STATE A CLAIM AGAINST THE CITY**[1]

Chhim asserts claims of national origin discrimination, age discrimination, and retaliation under Title VII, the ADEA, and the TCHRA. The Texas Supreme Court has held that the TCHRA "is effectively identical to Title VII, its federal equivalent," and therefore, "analogous federal statutes and the cases interpreting them guide [courts'] reading of the TCHRA." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 633–34 (Tex. 2012).

### 1.  *Discrimination Claims*

Because Chhim relies on circumstantial evidence of discrimination, his discrimination claim must proceed under the familiar burden shifting framework established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

> Under this framework, Chhim bears the initial burden of establishing a prima facie case of discrimination by showing that "(1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances."

---

[1] The City contends that Chhim failed to exhaust his administrative remedies for his claims of color discrimination and retaliation, and the denial of four positions. I do not reach these arguments because, even if Chhim exhausted his administrative remedies, he fails to state any kind of discrimination or retaliation claim against the City.

5

*Chhim v. Univ. of Hous. Clear Lake*, 129 F. Supp. 3d 507, 513 (S.D. Tex. 2015) (quoting *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009)). The factual allegations in Chhim's live pleading fall short of establishing a prima facie case for any of his discrimination claims.

"Although Chhim's claims can be somewhat difficult to discern, he seems to aver that because of his Cambodian origin, race, and [age], the [City] hired [someone else] instead of Chhim." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016). While "Chhim did not have to submit evidence to establish a prima facie case of discrimination at this stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." *Id.* "Ultimately, Chhim fails to plead sufficient facts to make a plausible claim that the [City] rejected his application[s] . . . *because* of his race, color, or national origin." *Id.* at 470–71.

In other cases, Chhim has at least alleged that an employer "hired a less qualified, similarly situated applicant over Chhim." *Id.* at 471. Here, however, Chhim concedes that he does not know anything about the people ultimately selected for the positions to which he applied and was not interviewed or hired. *See* Dkt. 7 at 2 ("Plaintiff did not know the person whom was filled for custodian."). Because "Chhim pleads no facts that suggest the applicant hired by the [City] was less qualified than Chhim or was similarly situated," Chhim necessarily fails to state a prima facie discrimination claim. *Chhim*, 836 F.3d at 471 (affirming "dismissal of Chhim's Title VII claim"); *see also Chhim*, 129 F. Supp. 3d at 513 (affirming dismissal of Chhim's Title VII discrimination claim because he "has not alleged facts showing that similarly situated individuals outside of his protected class were treated more favorably under nearly identical circumstances"). Accordingly, Chhim's discrimination claims must be dismissed.

### 2. *Retaliation Claims*

To plead a prima facie retaliation claim under either "Title VII, the ADEA, [or] the TCHRA . . . requires a showing that (1) [Chhim] engaged in a protected

6

activity pursuant to one of the statutes, (2) an adverse employment action occurred, and (3) there exists a causal link connecting the protected activity to the adverse employment action." *Munoz v. Seton Healthcare, Inc.*, 557 F. App'x. 314, 321 (5th Cir. 2014). "The ultimate determination in an unlawful retaliation case is whether the conduct protected by Title VII [or the ADEA or the TCHRA] was a 'but for' cause of the adverse employment decision." *Long v. Eastfield Coll.*, 88 F.3d 300, 305 n.4 (5th Cir. 1996).

Chhim contends that he "met his initial burden with respect to causation" because he "alleges that the City declined to rehire him . . . because he filed [a] previous complaint with the EEOC [and his appeal was] denied February 23, 2023 by the U.S. Supreme Court." Dkt. 7 at 11. In other words, Chhim contends that the "temporal proximity" between his February 15, 2023 letter to the United States Supreme Court—regarding a case that was closed on October 31, 2022—and the City's refusal to interview him between July and September 2023 is "enough circumstantial evidence to suggest a retaliatory motive." *Id.* This argument fails in several respects.

To start, Chhim does not allege that the City had any knowledge of his February 15, 2023 letter to the Supreme Court, and the letter does not show that the City was copied on the communication. *See id.* at 19. "A 'causal link' is established when the evidence demonstrates that the employer's decision to terminate was based in part on *knowledge* of the employee's protected activity." *Medina*, 238 F.3d at 684 (emphasis added) (quotation omitted). "Thus, an employer cannot retaliate against an employee if the employer's decisionmaker for the adverse employment decision did not know that the employee had engaged in protected activity at the time of the alleged retaliatory actions." *Normore v. Dallas Indep. Sch. Dist.*, 677 F. Supp. 3d 494, 531 (N.D. Tex. 2023). Chhim does not even identify the decisionmaker for the adverse employment decisions of which he complains, much less allege that this unidentified decisionmaker knew about his

February 15, 2023 letter to the Supreme Court. For this reason alone, Chhim fails to state a prima facie retaliation claim.

I will assume, however, for the sake of argument, that some unidentified decisionmaker with the City had knowledge of Chhim's February 15, 2023 letter to the Supreme Court regarding a case on which the City had ultimately prevailed in October 2022. Even so, the "five[-]month lapse" between Chhim's February 2023 letter and the City's refusal to interview Chhim in July 2023 "is not close enough . . . to establish the 'causal connection' element of a prima facie case of retaliation." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 305 (5th Cir. 2020). Thus, Chhim fails to plead a retaliation claim.

## CONCLUSION

For the reasons discussed above, both the City's Motion to Dismiss (Dkt. 25) and the Federal Defendants' Motion to Dismiss (Dkt. 26) are **GRANTED**.[2] Chhim's motion to order the EEOC to investigate (Dkt. 41) is **DENIED AS MOOT**.

SIGNED this 8th day of October 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[2] Chhim mentions 42 U.S.C. §§ 1881, 1981, and 1988 in his live pleading. *See* Dkt. 7 at 1. Yet, that is all he does—list those statutes, once. To the extent Chhim intends to assert a claim under these statutes, those claims also fail. Section 1881 concerns the award of a national medal of science and is simply inapplicable. Section 1981 does not provide an independent cause of action against public employers like the City. *See Oden v. Oktibbeha Cnty.*, 246 F.3d 458, 462 (5th Cir. 2001) ("In 1989, the Supreme Court held in *Jett v. Dallas Independent School District*, 491 U.S. 701, 731 (1989), that § 1981 did not provide a separate cause of action against local government entities." (cleaned up)). Finally, § 1988 does not provide for a standalone claim. Rather, § 1988 permits the award of attorneys' and expert fees to a prevailing party in, among other things, a Title VII action. As established above, however, Chhim's Title VII claims fail, so § 1988 is inapplicable.